**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000251
28-FEB-2025
08:39 AM
Dkt. 45 SO**

NO. CAAP-22-0000251

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARK ANDREW CARLSON, Personal Representative of the Estate of
Brian Paul Esteban, Deceased, Plaintiff-Appellee,
v.
DOUGLAS BRADFORD ESTEBAN, Defendant-Appellant,
and DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001114)

## SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Douglas Bradford Esteban (**Esteban**) appeals from the Order Granting Plaintiff-Appellee Mark Andrew Carlson's (**Carlson**), Personal Representative of the Estate of Brian Paul Esteban (**Decedent**), Motion for Summary Judgment and Order of Partition Sale (**Summary Judgment Order**), filed on March 8, 2022, and the Judgment on Order Granting Carlson's, Personal Representative of the Estate of the Decedent, Motion for Summary Judgment and Order of Partition Sale (**Judgment**),

filed on January 23, 2023, by the Circuit Court of the First Circuit (**circuit court**).[1]

This appeal arises out of a Complaint filed by Carlson on August 10, 2020 pursuant to Hawaii Revised Statutes (**HRS**) chapter 668A, in his capacity as personal representative of the Decedent's estate. The Complaint sought the partition by sale of the subject property, which was owned by Esteban and the Decedent as tenants in common. The circuit court granted summary judgment in Carlson's favor, finding the subject property to be "Heirs Property" pursuant to HRS § 668A-2 (2016).

This appeal followed. On appeal, Esteban raises a single point of error, contending that the circuit court erred in granting summary judgment pursuant to HRS chapter 668A, because "the probate court must first make a determination as to the interest and title held by [Carlson] in the real property before the interest can be subject to a sale by partition in the partition case."

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Esteban's point of error as follows:

---

[1] The Honorable James C. McWhinnie presided over the entry of the Summary Judgment Order, and the Honorable Kevin T. Morikone presided over the entry of the Judgment.

We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55–56, 292 P.3d 1276, 1285–86 (2013) (citation omitted).

We conclude that Carlson satisfied his initial burden on summary judgment through his declaration and attached exhibits.  Carlson established, through his declaration and authenticated Letters Testamentary, that he had been appointed by the probate court as personal representative of the Decedent's estate on July 29, 2020.

In his declaration, Carlson also stated facts supporting his conclusion that the subject property was "Heirs Property," as defined by HRS § 668A-2.[2]  Carlson represented that

---

[2]     HRS § 668A-2 states, in pertinent part:

> "Heirs property" means real property held in tenancy in common that satisfies all the following requirements as of the filing of an action for partition:
> (1)  There is no agreement in a record binding all the cotenants that governs the partition of the property;

(continued . . .)

he had "no knowledge of the Decedent having had an agreement in a record with [Esteban] governing the partition of the [s]ubject [p]roperty." Carlson further declared that the Decedent and Esteban were brothers, and that the subject property, which was first owned by the Decedent and Esteban's parents, was held in trust for the Decedent and Esteban until 2013. Upon the parents' death, the trust terminated, and 100% of the subject property was conveyed to the Decedent and Esteban in equal shares. Carlson submitted an authenticated copy of the deed, recorded on January 14, 2014, pursuant to which Esteban and the Decedent each held a 50% interest in the subject property as tenants in common.

Carlson therefore presented sufficient evidence to satisfy the requirements for partition of Heirs Property under HRS chapter 668A.

The burden then shifted to Esteban, and Esteban did not raise a genuine issue of material fact. See Ralston, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87 ("[W]hen the moving

_____

[2](. . . continued)
    (2)  One or more of the cotenants acquired title from
         a relative, whether living or deceased; and
    (3)  Any of the following applies:
        (A)   Twenty per cent or more of the interests
            are held by cotenants who are relatives;
        (B)   Twenty per cent or more of the interests
            are held by an individual who acquired
            title from a relative, whether living or
            deceased; or
        (C)   Twenty per cent or more of the cotenants
            are relatives.

party satisfies its initial burden of production, . . . the burden shift[s] to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.") (citation omitted). Esteban contends that "in order to be granted the relief under HRS §[]668A-2, [Carlson] had to have been awarded or received title as a tenant in common, which the probate court had yet to do as of the filing of the Complaint."

Esteban does not dispute the evidence establishing Carlson's appointment as personal representative of the Decedent's estate, pursuant to the Letters Testamentary, on July 29, 2020. As personal representative, Carlson had, "[u]ntil termination of [his] appointment[,] . . . **the same power over the title to property of the estate that an absolute owner would have**, in trust however, for the benefit of the creditors and others interested in the estate." HRS § 560:3-711 (2018). Esteban agrees, in his opening brief, that "the last recorded Deed showing how title to the real property was held shows title in the name of [Esteban] and the Decedent."

Esteban therefore has not raised a genuine issue as to Carlson's authority to seek, or the circuit court's authority to grant, the partition of the subject property pursuant to HRS chapter 668A.

For the foregoing reasons, we affirm the circuit court's Summary Judgment Order and Judgment.

DATED: Honolulu, Hawaiʻi, February 28, 2025.

On the briefs:

Pablo P. Quiban,
for Defendant-Appellant.

Christin D.W. Kawada,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge